```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


BRIDGETT D. FERRELL,            :
                                :
    Plaintiff,                  :
                                :
v.                              :    CIVIL ACTION 07-827-M
                                :
MICHAEL J. ASTRUE,              :
Commissioner of                 :
Social Security,                :
                                :
    Defendant.                  :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 14). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18). Oral argument was waived in this action (Doc. 20). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-one years old, had completed a seventh-grade special education (Tr. 62, 70), and had previous work experience working on a clean-up crew and as a material handler at a sewing plant (Tr. 62). In claiming benefits, Ferrell alleges disability due to severe osteoarthritis of the right knee, mild osteoarthritis of the left knee, a torn lateral meniscus in the right knee, lumbar spondylosis, and chronic pain syndrome (Doc. 14).

Plaintiff filed applications for disability insurance and SSI on March 30, 2006 (Tr. 110-16). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Ferrell could not return to her past relevant work, there were sedentary jobs in the national economy which she could perform (Tr. 15-29). Plaintiff requested review of the hearing decision (Tr. 13-14) by the Appeals Council, but it was denied (Tr. 5-8).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Ferrell alleges that:  (1) The ALJ did not properly evaluate her complaints of pain; and (2) the Appeals Council improperly discounted the opinions of one of her treating physicians (Doc. 14).  Defendant has responded to—and denies—these claims (Doc. 15).  The evidence of record follows.

On January 16, 2006, Plaintiff was seen at the Urgent Care Clinic for a sore throat and neck pain (Tr. 211).  The doctor determined that she had pharyngitis.

Records from the Jackson Medical Center, dated March 31, 2006, show that Plaintiff had complaints of pain and edema in her right knee; the doctor noted mild-to-moderate effusion, no redness or heat, and normal range of motion (Tr. 212-17).  Toradol[1] was prescribed.  On April 29, Ferrell was seen, again at the Jackson Medical Center, for complaints of shortness of breath, a cough, and pain in her neck, shoulder, arm, and leg on the right (Tr. 218-29).  Noting that she appeared to be in no acute distress, the doctor's impression was that she was suffering from dyspnea and bronchitis.

On June 15, 2006, a consultative examination was performed

---

[1]*Toradol* is prescribed for short term (five days or less) "management of moderately severe acute pain that requires analgesia at the opioid level."  *Physician's Desk Reference* 2507-10 (52nd ed. 1998).

by Dr. Walid W. Freij, a Psychiatrist and Neurologist, who noted that Plaintiff was in no acute distress (Tr. 233-35, 294). Freij found full range of motion in both knees and the spine; he noted that Ferrell did not use an assistive device. The doctor stated that he did not see any abnormalities. However, Freij stated the following with regard to Plaintiff's abilities:

> [She] would not be able to stand and walk for a prolonged period of time because of the right knee pain and swelling. She is able to sit, hear, speak, and travel. She can handle objections [sic] with her hands. Carrying and lifting would be limited because of her inability to stand or walk for a prolonged period of time.

(Tr. 235).

On June 21, 2006, Plaintiff returned to Jackson Medical Center, after having been involved in an automobile accident which caused small lacerations above her right knee and in the scalp (Tr. 236-42). Ferrell was noted to be in mild distress; her lacerations were stitched. An x-ray revealed that there were no fractures or dislocation but that she suffered from slight degenerative arthrosis of the femorotibial of the right knee (Tr. 241).

Records from the Urgent Care Center show that Plaintiff was seen on June 29, 2006 for complaints of pain in—and radiating from—her neck as well as right knee pain; the doctor prescribed

4

Elavil for anxiety and Naproxyn[2] for the pain (Tr. 245; *see generally* Tr. 243-50).  A week later, Ferrell's knee was still bothering her, so the doctor prescribed a mobilizer (Tr. 244).  On July 20, 2006, Plaintiff underwent an MRI which revealed a tear of the posterior horn of the lateral meniscus, degenerative signs within the anterior horn of the lateral meniscus, and possible enchondroma with the proximal tibia (Tr. 246; *see generally* Tr. 243-50).

Ferrell was examined by Dr. Robert J. Zarzour, an orthopedic surgeon, on August 4, 2006 who reviewed medical records regarding her right knee (Tr. 273-76, 293).  He recommended outpatient physical therapy with Dr. Brian Graham, a chiropractor.

Dr. Graham first examined Plaintiff on August 8, 2006 and formulated a physical therapy plan for her neck and right knee; he indicated that she was, essentially, bed-ridden at that time (Tr. 277-92).  Following ten treatments over a three-week period, Ferrell characterized her pain as better.

On August 30, Dr. Zarzour reviewed Dr. Graham's notes and scheduled arthroscopic surgery for September 13, 2006 which he indicated had a better than ninety percent chance for a good result (Tr. 273).

---

[2]*Naprosyn*, or *Naproxyn*, "is a nonsteroidal anti-inflammatory drug with analgesic and antipyretic properties" used, *inter alia*, for the relief of mild to moderate pain.  *Physician's Desk Reference* 2458 (52nd ed. 1998).

Plaintiff continued with the physical therapy sessions with Dr. Graham through October 2, 2006 (Tr. 277, 295-99). An x-ray of the thoracic spine on that date was unremarkable (Tr. 296). On November 2, 2006, the Chiropractor, in a "To Whom It May Concern" letter, stated that Ferrell needed a trigger point injection to the cervical and upper dorsal musculature as well as arthroscopic knee surgery (TR. 302).

Plaintiff went to the Jackson Medical Center on November 14, 2006 for pain in her right side from her neck to her legs (Tr. 303-08). She was given an injection of Toradol in her left hip and an injection of Decadron[3] in her right hip. An MRI of Ferrell's cervical spine was performed on February 6, 2007 which showed no evidence of disc herniation, fracture or subluxation, or cord edema, but did show mild to moderate disc desiccation in C5-6 (Tr. 310).

At the evidentiary hearing before the ALJ, Plaintiff testified that her biggest problem was her right knee in which she has a torn lateral meniscus; the knee stays swollen all of the time and burns for which she takes pain medication and keeps it propped up (Tr. 56-78). She also has soreness in her feet and takes potassium to prevent that. She suffers pain in her upper and lower back for which she takes pain medication. On an

---

[3]*Decadron* is used for, among other things, the treatment of rheumatic disorders. *Physician's Desk Reference* 1635-38 (52nd ed. 1998).

average day, her combined pain level is eight on a scale of ten, constantly; the medication helps as does sitting or lying down. Ferrell stated that she could not walk half a block and could stand for only ten minutes; she could not sit in a straight chair for any period of time.  Family members do the cooking, dusting, vacuuming, sweeping, and other chores around the house for her though she does take care of her personal needs (Tr. 68); she testified later that she does her own housework (Tr. 78). Plaintiff stated that she has problems with her collar bone and has trouble breathing because of it.

    A Vocational Expert (hereinafter *VE*), Doug Miller, testified that, based on the report of Dr. Freij, Plaintiff would be able to perform her past work as a sewing machine operator as well as a full range of sedentary unskilled work (Tr. 79-82; *cf.* Tr. 235).  The VE further testified that if Plaintiff's testimony were found to be totally credible she would be unable to perform any work.

    The ALJ summarized the evidence before him and found that Plaintiff's testimony was not credible, noting that it was inconsistent with the other evidence of record (Tr. 21, 23-24, 27).  He specifically gave evidentiary weight to the report of Dr. Freij; the ALJ also credited a portion of Dr. Graham's reports while specifically discounting remarks he had made about Plaintiff's ability to walk as being inconsistent with the other

evidence of record (Tr. 22, 25).  He noted that Dr. Zarzour had recommended surgery, but had, apparently, never gone through with it.  The ALJ went on to find that Ferrell was unable to perform her past relevant work but could perform unskilled sedentary work.

Following the ALJ's decision, Dr. Zarzour wrote a letter, on July 20, 2007, which stated that Plaintiff suffered from the following:  moderate to severe arthritis in the right knee, mild arthritis in the left knee, chronic lumbar spondylosis syndrome, a torn meniscus in the right knee, and chronic pain syndrome (Tr. 318).  Dr. Zarzour further stated that Ferrell was disabled and unable to work.

The Appeals Council reviewed the report from Dr. Zarzour, but found that it provided no basis for changing the ALJ's decision (Tr. 5-8).  This concludes the evidence of record.

In bringing this action, Ferrell first claims that the ALJ did not properly evaluate her complaints of pain (Doc. 14, pp. 6-7).  The standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.

1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence."  *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).  Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms
> will not alone establish that you are
> disabled; there must be medical signs and
> laboratory findings which show that you have
> a medical impairment(s) which could
> reasonably be expected to produce the pain or
> other symptoms alleged and which, when
> considered with all of the other evidence
> (including statements about the intensity and
> persistence of your pain or other symptoms
> which may reasonably be accepted as
> consistent with the medical signs and
> laboratory findings), would lead to a
> conclusion that you are disabled.

20 C.F.R.. 404.1529(a) (2007).

In his decision, the ALJ cited the appropriate social security regulations and rulings[4] but found that Plaintiff's

---

[4]The ALJ referenced Social Security Ruling 96-7p though he did not specifically cite any of its language (Tr. 23).

testimony was not credible after consideration of the objective medical evidence of record (Tr. 23-24).  The ALJ noted that no physician had indicated that Ferrell was disabled or was unable to work; though Dr. Graham had opined that Plaintiff had limited ambulatory abilities, the ALJ gave no weight to that part of his opinion, a finding which has not been challenged in this action.  The Court finds substantial evidence to support the ALJ's conclusion that Ferrell's testimony of pain and limitation is not credible to the extent asserted.

Plaintiff has also asserted that the Appeals Council improperly discounted the opinions of one of her treating physicians.  More specifically, Ferrell refers to the July 20, 2007 letter from Dr. Robert Zarzour (Doc. 14, p. 8).

It should be noted that "[a] reviewing court is limited to [the certified] record [of all of the evidence formally considered by the Secretary] in examining the evidence."  *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985).  However, "new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review." *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1067 (11th Cir. 1994).  The Eleventh Circuit Court of Appeals has more recently held that "when a claimant properly presents new evidence to the Appeals

Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1262 (11th Cir. 2007).  For the Court to determine that an action should be remanded on the basis of evidence not presented to the ALJ, "the claimant must establish that:  (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level."  *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

    The Court finds that the three-prong *Caulder* standard has not been met.  Dr. Zarzour's opinion, apparently, was rendered without a new examination as it appears that it was rendered even though the Orthopaedic had not examined Ferrell for a period of nearly eleven months (August 30, 2006-July 20, 2007).  This, along with the fact that no other examining source found Plaintiff to be disabled, leads the Court to find substantial support for the Appeals Council's conclusion that Dr. Zarzour's opinion failed to provide cause for a remand.

    Plaintiff has raised two claims in bringing this action. Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

    DONE this 15th day of May, 2008.

                                s/BERT W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE